3. MANDAMUS, § 173*—*form of judgment.* Judgment that a writ of mandamus "do issue herein," etc., *held* not defective for not specifying what respondents are to do where the prayer of the petition is clear and specific.

4. MANDAMUS, § 172*—*what relief warranted by petition.* Allegations of a petition for mandamus to compel a village to put into collection a special assessment for paving work done, *held* not to warrant court in directing respondents to issue vouchers to petitioner.

5. MUNICIPAL CORPORATIONS, § 377*—*when village estopped to assert informality of contract for improvement.* Village authorities accepting work done by contractor in laying sidewalks in accordance with an ordinance, and under the superintendence of agents for the village, are estopped from setting up the irregular manner in which the contract was entered into as a defense to a petition for mandamus to compel the village to put into collection a special assessment.

---

# The People of the State of Illinois for use of State Board of Health, Defendant in Error, v. Frank Klimek, Plaintiff in Error.

## Gen. No. 18,477.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913.

## Statement of the Case.

Action by the People of the State of Illinois for the use of the State Board of Health against Frank Klimek to recover the sum of two hundred dollars as a penalty for a second offense of practicing medicine without a license. From a judgment against defendant for two hundred dollars, defendant brings error.

BRADY & LEVY, for plaintiff in error; JOSIAH BURNHAM, of counsel.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

CHARLES ALLING, JR., for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. PENALTIES, § 5*—*when suit for penalty is a civil proceeding.* Where an offense is created by statute and a penalty is fixed for its commission which is to be recovered in an action of debt and not by prosecution, the action is civil and the rules of criminal pleading and procedure do not apply to it.

2. PHYSICIANS AND SURGEONS, § 8*—*nature of proceeding to recover statutory penalty for practicing without a license.* A proceeding under the Act of 1899, relating to the practice of medicine, J. & A. ¶ 7390, to recover a penalty for the offense of practicing medicine without a license, is not a criminal proceeding requiring the offense to be proved beyond a reasonable doubt.

3. PHYSICIANS AND SURGEONS, § 8*—*burden of proof.* In action to recover a penalty for offense of practicing medicine without a license, the burden is upon defendant to prove that he had such a license.

4. APPEAL AND ERROR, § 479*—*when objections to instructions not available.* Objections to instructions not specifically called to the attention of the trial court, not preserved for review.

---

## Oscar D. Olson, Executor, Plaintiff in Error, v. Pennsylvania Company, Defendant in Error.

### Gen. No. 18,517.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 4, 1913.

## Statement of the Case.

Action by Oscar D. Olson, executor of the will of George B. Gibson, deceased, against Pennsylvania Company, a corporation, to recover a certain sum de-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.